IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS DALE PEARSON,

                Petitioner,

    v.

KERRY KELLY,

                Respondent.

Case No. 6:21-cv-00043-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Petitioner, a patient at the Oregon State Hospital, brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging his guilty but for insanity plea from Deschutes County. For the reasons that follow, the Court summarily dismisses the Petition without prejudice. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

## DISCUSSION

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct

1 - ORDER TO DISMISS

appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519-519 (1982). In this case, Petitioner states that he entered a plea of guilty but for insanity so as to avoid time in prison. He claims that his direct appeals have concluded, but his post-conviction Petition in Lane County is "on hold due to appeal being unfinished." Petition (#1), p. 4. Accordingly, Petitioner's case is premature insofar as he is still exhausting his state-court remedies.

If a prisoner files a "mixed petition" containing both exhausted and unexhausted claims before he concludes his state post-conviction remedies, a federal court will generally allow the litigant the opportunity to proceed immediately on his direct appeal claims at the expense of forfeiting his post-conviction claims if he so chooses. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007). However, the Petition in this case is not mixed. Petitioner's sole claim alleges that he was the victim of an unlawful arrest in violation of the Fourth Amendment. Even assuming that claim is properly exhausted, Petitioner can only raise it if Oregon's state courts failed to provide him with a full and fair opportunity to litigate it at the state level. *See*

2 - ORDER TO DISMISS

*Stone v. Powell*, 428 U.S. 465, 482 (1976); *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner makes no such representation here. Although he may have declined to raise his Fourth Amendment claim in state court so as to enter his plea, such a strategic decision would not suggest the absence of an opportunity to litigate his claim.

Because Petitioner states no cognizable direct appeal claims, where the Petition is devoid of post-conviction claims, and as Petitioner's state post-conviction remedies are ongoing, the Petition is dismissed without prejudice on the basis that it is premature.

**<u>CONCLUSION</u>**

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is summarily dismissed without prejudice to Petitioner's right to refile it. Petitioner is advised to refile this case as soon as his post-conviction proceedings and post-conviction appeals have concluded.

IT IS SO ORDERED.

February 26, 2021
DATE

Marco A. Hernandez
United States District Judge

3 - ORDER TO DISMISS